erty," *held* not to constitute a contract to indemnify the building contractor against liability for injuries resulting to a third person by falling into an unguarded excavation on the premises before the contract was signed.

---

### Carrie M. Herr, Appellee, v. Chicago, Rock Island & Pacific Railway Company, Appellant.

### Gen. No. 19,907.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. EDWARD M. MANGAN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Affirmed. Opinion filed November 19, 1914.

### Statement of the Case.

Action by Carrie M. Herr against Chicago, Rock Island & Pacific Railway Company for injuries received by a fall upon an alleged slippery platform while getting off of one of defendant's suburban trains. From a judgment for two thousand dollars in favor of plaintiff, defendant appeals.

Plaintiff testified positively that she boarded the train at 63rd street; that she entered by the front door of the car and took a seat at the rear; that after the train reached its destination she went to the rear platform to get off the car; that there was a strip of ice six inches long and five inches wide frozen to the wood, located about a foot from the edge of the step, and that just as she turned to go down from the platform she stepped on it and slipped; that she had not seen it prior to that time; that when thrown to the station platform her feet went out first; that just after she fell she was assisted by a man who came along;

that a wheel chair was procured wherein she was conveyed to the waiting room, whence she was taken to St. Luke's hospital, and from there to her home in an ambulance, and later to the Washington Park hospital, at which place she received medical attention.

Another witness for the plaintiff, who was a passenger on the same train, testified that he had just gotten off the train and had reached the cement walk between the two coaches, when he heard a cry; that he saw a young lady (the plaintiff) falling, and caught her; that he asked some gentlemen to assist him in taking her to the ladies' waiting room. This was all the evidence offered by plaintiff as to how the accident occurred.

On behalf of the defendant there was only one witness who testified that he saw the plaintiff prior to the happening of the accident. That witness was the conductor of the train. He testified that he noticed plaintiff in the car, and remembered her because she was the only one who paid a cash fare; that after the train reached its destination in Chicago, he stood between this coach and the one immediately to the rear, helping the passengers alight, and that he remembered the plaintiff's alighting from the car; that he later heard someone say a lady had fallen, and that he then noticed plaintiff being supported on the station platform by a gentleman, about ten or twelve feet away towards the middle of the car in which plaintiff had been riding; that he went to where she was, and sent an usher for a wheel chair; that after she had been placed therein, he asked plaintiff for her name and address, and that she said "it was not necessary, that she did not wish to have any commotion about it, and that it was nobody's fault but her own."

The collector who took up tickets in the first four cars of the train, and the flagman testified that they saw the plaintiff in the wheel chair, and also heard her make the aforesaid statement to the conductor.

Defendant further offered testimony that plaintiff

was taken to the waiting room, and while there it was discovered that she wore a sort of slipper with a high French heel. This was testified to by the conductor and the matron in the waiting room, Mrs. Edna Wolf, and a stenographer of the defendant, a Miss Lora M. Barber. Mrs. Wolf further testified that when she asked plaintiff how the accident occurred, whether she slipped on anything in the train, or in the train shed, or on the waiting room floor, that plaintiff answered "No," that her foot had turned, and that she, the matron, then said: "It is no wonder, wearing such a high heel shoe." Miss Barber claims that in going to the wash room, which was off the rest room, she noticed plaintiff and heard her say to Mrs. Wolf: "Yes, I think it was my high heels."

Defendant also offered testimony of there being no snow or ice on the ground that morning and the previous day. The testimony further shows that the temperature on the day of the accident was between seventeen and thirty-three degrees; that there was no snow or rainfall that day; that on January 29th, Sunday, there had been a light rain or mist about eight o'clock in the morning for about one hour.

Defendant, in its brief, lays great stress upon the evidence of the conductor and collector of the train in question; that they made an examination of the station platform and the platform and steps of car 43, which was the car upon which plaintiff was a passenger. Both these witnesses testified that they made this examination because it was customary to do so after the happening of an accident.

There is nothing in the testimony for the defendant to show what directed their attention to this particular car and the rear platform of the car; nor does any witness for the defendant state that plaintiff claimed to have slipped on the platform of the car and fallen to the station platform. Furthermore, the evidence

shows that this was the only car whose platform and steps were examined.

The plaintiff was corroborated by the testimony of the witness, Butenschoen, that he saw her fall as he was between the ends of the two cars. To offset this positive testimony of the plaintiff and the witness Butenschoen, defendant offered the testimony as to alleged statements made by the plaintiff to the various employees of the defendant.

M. L. BELL and A. B. ENOCH, for appellant.

BOLTON & MORIARTY, for appellee; MAURICE J. MORIARTY, of counsel.

MR. JUSTICE PAM delivered the opinion of the court.

### Abstract of the Decision.

1. CARRIERS, § 480*—*questions for jury.* The weight of the testimony of railroad employees to the effect that after an injury a passenger stated that it was nobody's fault but her own and that it was due to the high heels of her shoes, is for the jury, as against the positive testimony of such passenger.

2. CARRIERS, § 360*—*sufficiency of evidence.* In an action by a female passenger on a railroad train for recovery for injuries received from a fall upon an icy, slippery platform, as she was stepping from the car, the evidence is *held* sufficient to sustain a verdict in favor of the plaintiff.

3. DAMAGES, § 120*—*where a verdict not excessive for complicated injuries.* Where a female passenger sustained a fracture of an ankle, the ligaments of which were torn and lacerated, causing her to be absent from work for more than five months, at which she could have earned ten dollars per week, and she suffered great pain from her ankle, which at the time of the trial was still weak and subject to pains under certain weather conditions, and she was compelled to wear a brace in her shoe, a verdict for two thousand dollars is *held* not to be excessive.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.